UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH B. GOFF,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BEACON HEALTH, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-1159-RLM-MGG |

OPINION AND ORDER

Kenneth B. Goff, who is proceeding without the benefit of counsel, filed this lawsuit when he was a prisoner. In his complaint, he alleges that Beacon Health and the St. Joseph County Jail failed to provide him with constitutionally adequate medical care for an infection in his left eye. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Goff alleges that while he was housed at the St. Joseph County Jail, he pulled out a hair follicle above his left eye. He says he had hair removal cream called Magic Shave on the top of his head at the time, and when he got into the shower, the hair removal cream got into the hair follicle. Mr. Goff says that twp

days later. his left eye became irritated, burned, and inflamed to the size of a fifty cent piece. He asserts he developed a very painful eye infection over the course of about a week and was unhappy with the medial care he received from the St. Joseph County staff. Mr. Goff was ultimately taken to the emergency room at South Bend Memorial Hospital where he underwent testing and received antibiotics to treat his eye infection.

Mr. Goff hasn't stated a federal constitutional claim against the defendants he has named in this lawsuit. He has sued Beacon Health, the entity that provides medical care to inmates. Neither an employer nor a supervisor is not vicariously liable under 42 U.S.C. § 1983 for its subordinates' or employees' deprivations of others' civil rights. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Goff's allegations against Beacon Health appear to be based only on the alleged poor decisions that its staff made in connection with his care, he can't proceed against Beacon Health.

Mr. Goff has sued the St. Joseph County Jail, but the St. Joseph County Jail is a building. It is not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). He can't proceed against this defendant.

While the complaint doesn't state a claim on which relief can be granted, the court will give Mr. Goff a chance to replead his claims. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). If he chooses to do so, the amended complaint, he should explain in his own words what

happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Kenneth B. Goff; and

(2) GRANTS Kenneth B. Goff until **September 11, 2020,** to file an amended complaint on that form.

If Mr. Goff doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on August 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT